**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| RICARDO LEON, ) | |
| ) | CASE NO. 1:05CV875 |
| Petitioner, ) | |
| ) | JUDGE BOYKO |
| v. ) | |
| ) | MAGISTRATE JUDGE VECCHIARELLI |
| MARGARET BRADSHAW, Warden, ) | |
| ) | **REPORT & RECOMMENDATION** |
| Respondent. ) | |

Petitioner, Ricardo Leon, ("Leon"), challenges the constitutionality of his conviction in the case of *State v. Leon*, Case No. CR 417335. Leon, *pro se*, filed a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on April 4, 2005 with the United States District Court for the Northern District of Ohio. On June 10, 2005, Respondent filed a Motion to Dismiss the petition as time-barred. (Doc. No. 7.) This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, the Magistrate Judge recommends Respondent's Motion to Dismiss (Doc. No. 7) be GRANTED.

## I. Procedural History

### A. Conviction

In September 2001, the Grand Jury for Cuyahoga County returned a four-count indictment charging Leon with: one count of aggravated murder in violation of Ohio Revised Code ("O.R.C.") § 2903.01, with mass murder and firearm specifications; one count of attempted murder in violation of O.R.C. §§ 2923.02 and 2903.02, with a firearm specification; and two counts of having a weapon while under a disability in violation of O.R.C. § 2923.13.  (Doc. No. 7, Exh. A.)

Leon pled guilty to the aggravated and attempted murder counts and the trial court nolled the having a weapon while under a disability counts.  On April 23, 2002, the trial court sentenced Leon to consecutive prison terms of: thirty years to life on the aggravated murder count; three years on the firearm specification; and eight years on the attempted murder count.  (Doc. No. 7, Exh. B.)

### B. Direct Appeal

Pursuant to a stipulation offered by the State, Leon voluntarily, intelligently, and knowingly waived his rights to appeal.  (Doc. No. 7, Exh. B.)  Therefore, Leon did not appeal his conviction and sentence to the Ohio Court of Appeals.

### C. Motion to Withdraw Plea

On June 30, 2004, Leon filed a Motion to Withdraw his Plea in the trial court.  (Doc. No. 7, Exh. C.)  On August 12, 2004, the trial court denied Leon's motion.  (Doc. No. 7, Exh. D.)

On August 20, 2004, Leon appealed to the Ohio Court of Appeals.  On October 18, 2004, the Court of Appeals *sua sponte* dismissed Leon's appeal for his failure to file the record.  (Doc. No. 7, Exh. F.)

On November 30, 2004, Leon appealed to the Ohio Supreme Court.  (Doc. No. 7, Exh. G.) On March 2, 2005, the Ohio Supreme Court denied Leon leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  (Doc. No. 7, Exh. H.)

**D. Federal Habeas Corpus**

On April 4, 2005, Leon, *pro se*, filed a Petition for Writ of Habeas Corpus, asserting the following two grounds for relief:

> I.  Petitioner's right to effective assistance of counsel was violated.
>
> II.  Petitioner's guilty plea was not made knowingly or intelligently and was therefore, involuntary, violating his right to due process of law.

(Doc. No. 1.)

## II.  Statute of Limitations

This case is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), because Leon filed his habeas corpus petition after the effective date of the AEDPA.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  In the AEDPA, Congress enacted a period of limitations for the filing of habeas petitions.  The statute provides, in relevant part:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States

3

>is removed, if the applicant was prevented from filing by such State action.
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>* * *
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A), (B), (D), (2).

The Sixth Circuit, like the majority of circuits, grants a one year grace period for convictions which became final prior to April 24, 1996 – the effective date of the AEDPA. *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *rev'd on other grounds*, 530 U.S. 1257 (2000). Thus, a petitioner whose conviction became final prior to April 24, 1996 would normally have until April 24, 1997 to file his habeas petition. Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

In the instant action, Respondent asserts that Leon's petition is time-barred because he did not file it within the one-year limitations period. Since Leon failed to file a direct appeal, Leon's conviction became final on May 23, 2002, or thirty days after the trial court sentenced him. *See* Ohio Appellate Rule of Procedure 4(A). Therefore, the limitations period began running on May 23, 2002 and expired May 23, 2003. Leon did not file any motions in state court during this time that may have tolled the

limitations period.[1]  Leon's petition is time-barred unless he can establish equitable tolling.

## A. Equitable Tolling based on *Andrews* factors

Leon claims that he pled guilty because his counsel gave him ineffective advice and he did not discover such advice was ineffective until he filed his motion to withdraw his plea on June 30, 2004, over one year after the limitations period expired.[2]

The indictment charged Leon with one count of aggravated murder with mass murder and firearm specifications, one count of attempted murder with a firearm specification, and two counts of having a weapon while under a disability.  Leon pled guilty to the aggravated and attempted murder counts; and the trial court nolled the having a weapon while under a disability counts.  Leon claims that his counsel failed to inform him that: mitigating factors may have resulted in a conviction of the lesser offense of voluntary manslaughter; and the mass murder specification was not properly charged in the indictment and could not be proved.  Alternatively, Leon claims that the trial court lacked jurisdiction to impose thirty years to life on the aggravated murder count because it based the sentence on the allegedly insufficient mass murder specification.[3]

Equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.  The Sixth Circuit has held that AEDPA's statute of limitations is subject to the

---

[1] Leon did not file his motion to withdraw his plea until June 30, 2004, over one year after the limitations period expired.

[2] Leon presented this argument as if Respondent raised a procedural default claim.  However, this Court finds his argument also applies in an equitable tolling context and will address it as such.

[3] The Court finds it inappropriate to address this argument at this stage of the proceeding.  This argument addresses the merits of Leon's claim, not equitable tolling.

doctrine of equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001)  In *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988), the Court set forth five factors to consider when determining the appropriateness of equitable tolling: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *See Dunlap*, 250 F.3d at 1009 (The Court held "equitable tolling shall only be appropriate, in habeas and all other cases, after a court has properly considered and balanced the [*Andrews*] factors . . . .")  The fourth factor, absence of prejudice to the respondent, is only considered once the petitioner has made an adequate showing under the other factors. *Dunlap*, 250 F.3d at 1009.  Equitable tolling should only be granted sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  The petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Leon has not shown this Court that he exercised sufficient diligence in discovering his claim. Leon filed his motion to withdraw his plea in the state court over one year past the limitations period. He claims only that he is a layman and it took him over two years to discover his claims and sufficiently learn the law.  Leon has not alleged that he discovered new evidence.  Leon's claim that he failed to discover the alleged insufficiency of the mass murder specification in the indictment before the limitations period expired because he is a layman is insufficient to warrant equitable tolling. *See Wilson v. Renico*, 2002 U.S. Dist. LEXIS 24632, *9 (E.D. Mich. Dec. 16, 2002) (unpublished) ("The fact that Petitioner is untrained in the law . . . does not warrant tolling").  Leon has failed to demonstrate an extraordinary

6

circumstance that would justify equitable tolling.

## B. Equitable Tolling Based on Actual Innocence

Leon asserts that his case falls under the actual innocence exception to the one-year statute of limitations because he is innocent of the aggravated murder[4] and attempted murder convictions. Leon claims that he is guilty of the lesser charges of voluntary manslaughter[5] and attempted voluntary manslaughter. Leon admits shooting and killing his ex-wife, Monica Leon ("Monica"), and shooting her first husband, Louis Foster ("Foster"), outside of the hospital when Foster dropped Monica off for work. However, Leon claims that he was at the hospital to receive treatment for an injury and committed the crimes while suffering extreme emotional distress after seeing Monica and Foster together because he wanted to reconcile his marriage with Monica.

In *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005), the court held that there is an actual innocence exception to the AEDPA's statute of limitations. To establish actual innocence, a petitioner must show that it is more likely than not that no reasonable juror would have found him guilty beyond a

---

[4] O.R.C. 2903.01 states:

No person shall purposely, and with prior calculation and design, cause the death of another . . . .

[5] O.R.C. 2903.03 states:

No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly cause the death of another . . . .

7

reasonable doubt in light of all the evidence. *Id.* at 590. To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. The actual innocence exception should remain rare and only be applied in the extraordinary case. *Id.*

In the instant action, Leon is not introducing new evidence. Instead, he claims that if his counsel informed him of the possibility of arguing for a charge of voluntary manslaughter, he would not have pled guilty to aggravated murder. However, Leon has failed to show that no reasonable juror would have found him guilty beyond a reasonable doubt of aggravated murder. At the plea hearing, the stipulated evidence supported a conviction for aggravated murder, specifically prior calculation and design. An officer read Foster's statement into the record. In this statement, Foster indicated that Monica left a message the night before the incident on Leon's answering machine stating that she was spending the night at Foster's house so Foster could drop her off at work and use the car. The statements are sufficient evidence from which a reasonable juror could conclude Leon committed murder with prior calculation and design.

Accordingly, Leon has not established that he is entitled to equitable tolling based on actual innocence.

### III. Conclusion

For the foregoing reasons, the Magistrate Judge recommends Respondent's Motion to Dismiss (Doc. No. 7) be GRANTED.

/s/ Nancy A. Vecchiarelli
U.S. Magistrate Judge

Date: July 27, 2005

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of this notice. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**