**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RICARDO LEON,** | ) | **CASE NO. 1:05CV875** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **MARGARET BRADSHAW,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J**.:

Petitioner, Ricardo Leon ("Petitioner"), filed a Writ of Habeas Corpus on April 4, 2005, challenging the constitutionality of his convictions for Aggravated Murder, with mass murder and firearm specifications, and Attempted Murder. Petitioner alleges (1) ineffective assistance of counsel, and (2) violation of due process, claiming his guilty plea was involuntarily made because he did not make it knowingly or intelligently. Warden Margaret Bradshaw ("Respondent") filed a Motion to Dismiss the Petition as time-barred. The Magistrate Judge's Report and Recommendation, issued on July 28, 2005, found Petitioner's writ to be untimely filed and recommended granting Respondent's Motion to Dismiss. For the reasons that follow,

the Court adopts the Magistrate Judge's Report and Recommendation and grants Respondent's Motion to Dismiss.

## I. FACTUAL BACKGROUND

Petitioner plead guilty to charges of Aggravated Murder, with mass murder and firearm specifications, and Attempted Murder. An additional charge of Possessing a Weapon Under Disability was nolled. At his sentencing, the trial court found Petitioner to have voluntarily, intelligently, and knowingly waived his right to appeal his conviction. Petitioner, in fact, did not appeal his conviction and sentence to the Eighth District Court of Appeals.

Petitioner was sentenced on April 23, 2002. On June 30, 2004, Petitioner filed a Motion for Leave to Withdraw Guilty Plea, which was denied by the trial court on August 12, 2004. On August 20, 2004, Petitioner appealed the denial to the Eighth District Court of Appeals, which *sua sponte* dismissed his appeal for his failure to file the record. Petitioner appealed the Appellate Court's decision to the Ohio Supreme Court on November 30, 2004. On March 2, 2005, the Ohio Supreme Court denied Petitioner leave to appeal, as the appeal did not present any substantial constitutional question.

This matter now comes before this Court upon Petitioner's Writ of Habeas Corpus, filed April 4, 2005.

## II. LAW AND ANALYSIS

**A. Standard of Review**

Section 636(b)(1)(B) of the Federal Magistrates Act allows magistrates to hear habeas

corpus petitions.  *Flournoy v. Marshall*, 842 F. 2d 875, 877 (6th Cir. 1988).  However, Congress intended that the district court judge be the final arbiter by providing *de novo* review of the magistrate's findings.  *Id.* at 878.  In *Flournoy*, the Sixth Circuit specifically clarified the proper role of magistrate judges and emphasized "to the district courts the importance of employing the proper standard of review of the magistrate's findings."  *Id.* at 876.  The court stressed that it was only emphasizing the standard required by the Federal Magistrates Act and the Constitution  – that district court judges may not abdicate their responsibility to magistrate judges; they must review *de novo* the magistrate judge's report and recommendation in habeas cases in order to fulfill their Article III duties*. Id.* at 878-79.  The district court may accept, reject, modify, or remand the proposed finding.  *Id.* at 876, fn.3.

**B. Habeas Corpus**

**1. Statute of Limitations**

U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), effective April 24, 1996, governs this Petition for Writ of Habeas Corpus.  *Harpster v. Ohio*, 128 F. 3d 322, 326 (6th Cir. 1997).  A state prisoner seeking habeas corpus relief pursuant to § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation shall run from the latest of–

> (A) the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;     * * * ; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Because Petitioner's habeas petition was filed more than one year after his conviction became final, his petition is time-barred unless he can establish equitable tolling of the one-year statute of limitations.

**2. Equitable Tolling**

The Sixth Circuit holds the one-year statute of limitations is subject to equitable tolling "[b]ecause there is a rebuttable resumption that equitable tolling applies to statutes of limitation and there is no indication that Congress did not intend for equitable tolling to apply to the limitation period in habeas cases . . ." *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). The burden is on a habeas petitioner to persuade the court that he is entitled to equitable tolling. *Id*. at 1010.

a. *Andrews* **Factors**

In *Andrews v. Orr*, 851 F. 2d 146 (6th Cir. 1988), the Sixth Circuit set forth five factors which it:

> "felt pertinent to a decision whether to apply equitable tolling in a given case. The factors are: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement."

*Andrews*, 851 F. 2d at 151.

Absence of prejudice to the respondent is only considered once a petitioner has made an adequate showing under the other factors. *Id*; *see also, Dunlap*, 250 F.3d at 1009. Although *Andrews* applied equitable tolling to class actions, in *Dunlap*, the Sixth Circuit held a district court must consider and balance the *Andrews* factors in evaluating whether to apply equitable tolling to a petitioner's habeas claim. *Dunlap*, 250 F. 3d at 1009; *see also, Souter v. Jones*, 395 F. 3d 577 at 588 (6th Cir. 2005). However, in *Souter*, the Sixth Circuit qualified somewhat its *Dunlap* holding by writing: "ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Souter*, 395 F. 3d at 588 (internal cites omitted).

**b. Actual Innocence**

The Sixth Circuit, in *Souter*, held equitable tolling applied to the one-year statute of limitation for filing habeas petitions in one other situation – actual innocence. In *Souter*, the habeas petitioner was not arguing for equitable tolling based on any of the *Andrews* factors, but

rather on a claim of actual innocence. *Id*. Concerned about "the injustice that results from the conviction of an innocent person" the Sixth Circuit held an actual innocence exception does exist. *Id.* at 601-602.  "[W]here an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Id.* at 602.  The actual innocence exception must be based on new, reliable evidence that was not presented at trial, and is only applied in the rare and extraordinary case. *Id.* at 590; *In re Byrd*, 269 F. 3d 544, 548 (6th Cir. 2001) ("the evidentiary threshold for a claim of actual innocence is 'extraordinarily high'").

**3. Magistrate Judge's Report and Recommendation**

The Magistrate Judge recommends granting Respondent's Motion to Dismiss Petitioner's habeas petition as time-barred by § 2244's statute of limitations.  The Magistrate Judge considered the *Andrews* factors in determining Petitioner had not met his burden of proving he was entitled to equitable tolling.  The Magistrate Judge found Petitioner had not presented a sufficient showing of lack of actual or constructive notice of the filing requirements; nor exercised sufficient diligence in pursuing his rights; nor was his ignorance of the legal notice requirement reasonable.

Additionally, the Magistrate Judge held Petitioner did not demonstrate his case was of such a rare and extraordinary type that equitable tolling based upon actual innocence should apply.  The Magistrate Judge found Petitioner failed to present new, reliable evidence casting doubt on the outcome of his guilty plea.  Tellingly, in the record of Petitioner's conviction, he stipulated to evidence sufficient to support a finding of guilt by reasonable jurors.

**4. Petitioner's Objections to the Report and Recommendation**

Petitioner's Objections to the Magistrate Judge's Report and Recommendation center on two issues: (1) he did file an appeal, and thus the AEDPA's statute of limitations was tolled pending the outcome thereof; and (2) the Grand Jury Indictment did not allege facts sufficient to support the charges against Petitioner. Because his legal insufficiency argument deals with the substance of Petitioner's habeas claim, it does not properly bear upon Petitioner's entitlement to equitable tolling of the statute of limitations.

Petitioner was convicted on April 23, 2002.  Appellate Rule 4 governs the time for filing an appeal, and states "[a] party shall file the notice of appeal required . . . within thirty days of the later of entry of the judgment or order appealed . . ."  Ohio R. App. P. 4(A).   Thus, Petitioner's time for filing a direct appeal of his conviction expired on May 23, 2002, and the one-year time limit of § 2244 expired on May 23, 2003.  Petitioner did not appeal his conviction until June 30, 2004, more than one year later, when he filed a Motion to Withdraw Guilty Plea.

Petitioner's argument for tolling fails because Ohio law provides a motion to withdraw guilty plea is not part of the direct appeal; but rather is a motion for post-conviction relief. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R. C. 2953. 21." *State v. Reynolds*, 79 Ohio St. 3d 158, 160 (1997).

The Sixth Circuit has held:

> "under § 2244(d)(2) the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme

> Court to review the case." *Smith v. Ohio*, 331 F. Supp. 2d 605, 616 (N.D. Ohio 2004) (quoting *Abela v. Martin*, 348 F. 3d 164 (6th Cir. 2003)).

However, a petitioner may not "indefinitely delay the running of the statute of limitations in a federal habeas action by filing a delayed appeal in state court." *Searcy v. Carter*, 246 F. 3d 515, 516 (6th Cir. 2001).  Thus, although the statute of limitations is tolled during the pendency of a state prisoner's direct appeals, the time limit for filing for federal habeas relief does run during the time period after a state prisoner's conviction becomes final and before he files a delayed appeal. *Bronaugh v. Ohio*, 235 F. 3d 280 (6th Cir. 2000) ("the statute of limitations is tolled only for that period of time in which the [application to reopen direct appeal] is actually pending . .."). Were it otherwise, the AEDPA's statute of limitations would be meaningless. *Searcy*, 246 F. 3d at 519.  Furthermore, based upon the same rationale, the filing of a delayed appeal does not cause the statute of limitations for a federal habeas action to begin running anew. *Id*.  Not only does this preserve the AEDPA's statute of limitations provision, but it prevents abuse of courts' resources.

Petitioner filed his motion to withdraw his plea more than two years after his conviction, and long after the time for filing a direct appeal had expired. Were Petitioner allowed to claim tolling of the one-year statute of limitations during this time period, he would render it meaningless.  Thus, the statute of limitations in § 2244 could only be tolled during the period of time his Motion to Withdraw Guilty Plea was actually pending.  As that motion was not filed until the statute of limitations had already expired, Petitioner is rightly time-barred from filing the instant habeas petition.

### **III. CONCLUSION**

Upon careful *de novo* review of the findings of fact and conclusions of law issued by the Magistrate Judge, and upon due consideration of the relevant facts and applicable law, this Court adopts the Magistrate Judge's Report and Recommendation and grants Respondent's Motion to Dismiss Petitioner's Writ of Habeas Corpus.

**IT IS SO ORDERED.**

**DATE:** __6/5/06_____

 s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**
(Signed original on file)